ENGEN v. OLSON.
(No. 791.)

LANDLORD AND TENANT—LEASE—CONSTRUCTION—ACTION FOR RENT—
PLEADING—AMENDMENT—SUFFICIENCY OF EVIDENCE—VARIANCE.

1. In an action for rent of land claimed to be due under a
   written agreement stating that the defendant had rented
   plaintiff's land "on same grown is in preveas contract and
   the same concideration two Hundred a year," defendant
   having by his answer pleaded the former lease and
   alleged that he had sustained damages because of plain-
   tiff's failure to comply with its terms during the period
   for which the rent sued for was claimed, any uncertainty
   as to the previous contract referred to in the later agree-
   ment was made certain by the answer, rendering it un-
   necessary to determine whether said later agreement suf-
   ficiently identified a particular lease as the contract re-
   ferred to therein.

2. It appearing from the evidence in such action that the de-
   fendant was the lessee of the land for the preceding year
   under a written lease which had been assigned during the
   term thereof to the plaintiff, who had purchased the prem-
   ises, and to whom the rent for that year was paid, and the
   defendant had admitted by letter that his former lease
   was the one referred to in the later agreement between
   plaintiff and defendant, *held*, that said later agreement,
   considered in the light of the circumstances attending its
   execution, as shown by the evidence, was to be construed
   as referring to defendant's said lease for the preceding
   year.

3. In such action, defendant having alleged as a defense that
   during the year for which the rent was claimed he was
   deprived of the use of certain appurtenant water rights
   used by him during the previous year, *held,* that the evi-
   dence sustained the finding of the trial court that the
   plaintiff had not violated the contract with respect to the
   use of water for the land and had not kept defendant out
   of possession; there being evidence to the effect that the
   plaintiff had not interfered with defendant's possession or
   his use of water for irrigating the land, that there was no
   water right belonging to the land, and that defendant
   used the land as a pasture.

4. It being alleged in the petition that the term of the lease
   under which the land was claimed commenced April 12,

and the court having found the correct date to be May 8, and it being stated in the judgment in plaintiff's favor that the latter asked and was granted leave to amend his petition in respect of said date, *held, that,* although it did not appear by the record that such amendment was made, since the trial court treated it as made, it should be so considered on error.

5. Aside from such amendment to the petition, the variance between the petition and the proof as to the date of the commencement of the term of the lease was not a material variance, it not being shown that defendant was prejudiced by the variance, and the statute providing that no variance between allegation and proof shall be material unless it has actually misled the adverse party to his prejudice, and that, when it is alleged that a party has been so misled, that fact must be proved to the court's satisfaction, and also in what respect the party has been misled.

[Decided January 26, 1915.]                    (145 Pac. 756.)

ERROR to the District Court, Albany County; HON. V. J. TIDBALL, Judge.

The material facts are stated in the opinion.

*Cassius M. Eby,* for plaintiff in error.

The writing upon which the claim for rent is based is insufficient to sustain the action, unless its defects can be cured by reference to some previous contract. But it is so uncertain in its reference to another contract that it fails to designate the former lease between defendant and another party, under which he held the land for the previous year. If the agreement between these parties means anything it must refer to some previous contract between them, and the fact that plaintiff has attached defendant's former lease to the petition cannot cure the defect in the agreement under which he now claims. A lease is void for uncertainty unless it clearly designates the term. (18 Ency. L., (2nd Ed.) 207, 605). And it must designate the property with reasonable certainty. (Patterson v. Hubbard, 30 Ill. 201; Hunt v. Campbell, 83 Ind. 48.) The lease in question is indefinite, uncertain and ambiguous with reference to the de-

scription of the premises, the term of the lease, and its consideration, and the ambiguity is such that it cannot be removed by parol evidence (Mesick v. Sunderland, 6 Cal. 313; Chambers v. Ringstaff, 69 Ala. 140; Achlottman v. Hoffman, 73 Miss. 188; Cake v. Bank, 2 Am. St. Rep. 600). The demurrer to the petition should therefore have been sustained.

There having been no amendment to the petition as to the date of the commencement of the term, the judgment for rent during a term commencing at a different date than alleged cannot be sustained, for the allegations of the petition will not support the judgment. (Crewdson v. Nefsy, 14 Wyo. 61; Bank v. Steinhoff, 11 Wyo. 290). With respect to the commencement of the term there is a fatal variance between the allegations in the petition and the proof. (Schoonmaker v. Doolittle, 118 Ill. 605; Newby v. Rogers, 40 Ind. 9; Hirschfeld v. Williamson, 18 Nev. 66.) The court erred in admitting parol evidence explaining the agreement between the plaintiff and the defendant, for a written lease cannot be added to, contradicted or varied by parol or extrinsic evidence of the intentions of the parties, the negotiations leading up to the execution of the lease, or what was said and done prior thereto. (17 Cyc. 622; Burbank v. Dyer, 54 Ind. 392; Bank v. Coffin, 38 N. E. 444; Hooker v. Hyde, 61 Wis. 204; 21 N. W. 52; 18 O. C. C. 886; 4 O. Dec. 20; Lippert v. Milling Co., 108 Wis. 512, 84 N. W. 831; Heiberger v. Johnson, 34 App. Div., (N. Y.) 66; Middleton v. Flanagan, 25 Ont. 417; Stillman v. Burfeind, 21 App. Div. 13, 47 N. Y. Supp. 280; Lord v. Owen, 35 Ill. App. 382; Strong v. Waters, 27 N. Y. App. Div. 399). The court erred in refusing to permit the defendant to testify concerning his understanding of the agreement sued on, requiring a reversal of the judgment. (Abbott's Civ. Tr. Br., (2nd Ed.) p. 240; Ewing v. Bass, (Ind.) 48 N. E. 241; Vermont &c. Co. v. Batchelder, 35 Atl. 378; Spaulding v. Ry. Co., 98 Ia. 205; Ward v. Ins. Co., 6 Bosw. 229).

*M. C. Brown,* for defendant in error.

So far as the demurrer to the petition is concerned it applied wholly to the exhibit filed with and attached to the petition as an exhibit. Since an exhibit is no part of the petition, a demurrer thereto raises no question based upon the construction to be given to the exhibit. (12 O. St. 60; 13 Kan. 351; 8 Neb. 211; 29 O. St. 13; Comp. Stat. 1910, Sec. 4405). There was no dispute as to the amount of the rent. If the court erred in allowing interest from May 8 instead of April 12, it was an error in favor of the defendant below, of which he cannot complain. Extrinsic evidence may be offered to explain and make certain ambiguous language in a written instrument. (14 Ency. Ev. 697-701). The lease under which defendant below previously held the land had been assigned to the plaintiff below and was properly in evidence. A writing, though merely collateral to the issue, may be received to explain a later writing, when it is expressly referred to therein. (Satterlee v. Bliss, 36 Cal. 489; Clark v. Houghton, 12 Gray, (Mass.) 38; Lock v. Homer, 131 Mass. 93). Richardson's lease makes no mention of water or water rights, but carried with it all appurtenances. Its terms could not be added to by showing an agreement on the part of the lessor to furnish water, nor can custom to furnish water for irrigation of leased land be shown when that would add to the terms of the lease by parol. (17 Cyc. 623; Watkins v. Green, 22 R. I. 34, 46 Atl. 38; Wilson v. Dean, 74 N. Y. 531).

BEARD, JUSTICE.

In this case Olson, who was plaintiff below, recovered judgment against Engen in the District Court for rent claimed to be due for certain real estate. The trial was to the court without a jury. Engen assigns error.

The action was based upon the following written agreement:

"Centennial, Wyo., May 8, 1911.

"This is a Egrement betwen Charles Olson, the first party, and Nils Engen, the second party, that Nils Engen rents

my plase, S. W. ¼, Sec. 11, know is the Stinhoff plase on same grown is in preveas contract and the same concidera-tion two Hundred a year."

"CHARLES OLSON."

"NELS J. ENGEN."

The contract, or lease, which the plaintiff claims was re-ferred to in the writing and which he claims, with said writing, constituted the lease, and which was made part of his petition, is a formal lease from one Richardson to En-gen for said premises for a term commencing April 12, 1910, and ending April 12, 1911, at the rental of $200, pay-able on or before the expiration of the term. The petition was demurred to on the grounds that it did not state facts sufficient to constitute a cause of action, and that the writ-ing was void for uncertainty. The demurrer was over-ruled, and defendant answered, admitting the execution of the writing and denying the other allegations of the petition. For other answer he alleged that he had leased the premises from Richardson for the previous year by the lease attached to the petition and that certain water rights were appurte-nant thereto which he had used during the term of said lease; that he was deprived of the use of said water and was kept out of possession of said premises during the time in controversy, and for which deprivations he claimed dam-ages. Alleged that the writing of May 8, 1911, is so vague, indefinite and uncertain as to be wholly void. Many other matters were alleged at great length, but the foregoing is sufficient to present the questions discussed in this court. The court found that defendant entered into a written lease with the plaintiff for the property described in the petition, said lease to commence May 8, 1911, and terminate May 8, 1912; that under said lease defendant agreed to pay plain-tiff $200.00, and that no part of the same had been paid, and gave judgment accordingly.

Whether the writing of May 8, on its face sufficiently identified the Richardson lease as the contract referred to, we need not determine, for the defendant, by his answer, pleaded that lease and alleged that he had sustained dam-

ages on account of the alleged failure of plaintiff to comply with its terms during the period for which he claimed rent. If there was any uncertainty as to the contract referred to in the writing it was made certain by the answer. Not only so but, from the instrument itself, considered in the light of the circumstances attending its execution, as shown by the evidence, we are clearly of the opinion that it was the Richardson lease which the parties had in mind and to which they referred. Engen was the lessee under that lease, and the premises had been purchased by Olson during the term and the lease assigned to him, and it was to him that Engen paid the rent. Olson testified, and it is not denied, that Engen dictated, and that he (Olson) wrote the contract as dictated. It further appears by a letter dated April 25, 1912, written by direction of Engen to the attorney of Olson that the Richardson lease was the one referred to, as in that letter he states that the written contract between himself and Olson calls for the same right and privileges as under the lease from Richardson. That lease was for the land and appurtenances, and it contains no statement that there was any water right appurtenant to the land. Engen testified that Olson had not interfered with his possession or the use of water; that he made no effort to use water because his father-in-law, Wolbul, told him not to do so. He called Wolbul as his witness and he testified that there was no water right belonging to the land; that his ditch ran through the land and when he had more water than he needed he had, in previous years, allowed some of it to be used on the Steinhoff tract. Without further referring to the evidence, we are satisfied that the conclusion of the court that Olson had not violated the contract with respect to water is sufficiently sustained by the evidence. The same is true of his claim that he was never put in possession. He testified that he got some pasture from the land.

It is further contended that there is a variance between the findings of the court and the pleadings, in that the allegation of the petition is that the term of the lease com-

menced April 12, and the court found the correct date to be May 8. The court states in its judgment that plaintiff asked and was granted leave to amend his petition in that respect, and while it does not appear by the record that the amendment was made, the court treated it as made and it will be so considered here. However, if it be not so considered, it is not shown to be material. The statute provides that no variance between the allegations in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits, and when it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled. (Sec. 4591, Comp. Stat. 1910). No showing of prejudice has been made in this case.

Numerous other alleged errors are assigned, but a careful examination of the entire record convinces us that the case was fairly tried and a correct conclusion reached by the District Court. Such being the case, the judgment should be affirmed, and it is so ordered.        *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.